IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WADE ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. AW-09-3436 |
| | ) | |
| WILLIAM C. CARTINHOUR, JR. | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

The Court received Plaintiff's Motion to Quash ("Plaintiff's Motion") (Docket Item No. 1). The Court has reviewed Plaintiff's Motion and all related briefings. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, the Court DENIES Plaintiff's Motion.

### I.    Factual Background

This motion arises from a subpoena duces tecum that Defendant issued on December 10, 2009. The subpoena requested that Citibank, a third-party, produce banking documents concerning Plaintiff and W.A.R. LLP, a partnership owned by Plaintiff and Defendant. The subpoena requested the following documents:

> "All documents that concern, refer, or in any way relate to any and all bank and investment accounts of any type, as well as any safe deposit boxes, whether currently open or closed, in which Wade A. Robertson… has an interest either individually or with others, from January 1, 2003 to the present…"

Plaintiff seeks a Motion to Quash Defendant's Rule 45 subpoena, arguing that it is duplicative, overly broad, and improper. Defendant opposes Plaintiff's Motion, arguing that Plaintiff lacks

standing to bring the Motion and that Defendant may acquire the third-party documents because they are relevant and the request is not oppressive or burdensome to Plaintiff.

**II.   Analysis**

    a.  *To challenge a third-party subpoena, a party must have a personal right to or privilege in the information sought.*

Generally, to have standing to challenge a subpoena, a person must assert his own legal interests. A party does not have standing to challenge a subpoena issued to a non-party "unless the party claims some personal right or privilege in the information sought by the subpoena." United States v. Idema, 118 Fed.Appx. 740, 744 (4th Cir. 2005). See also In re Grand Jury Subpoena John Doe, 584 F.3d 175, 184, 190-91 (4th Cir. 2009). Absent this showing, the party lacks standing and the motion must be denied without reaching the motion's merits. While the Court recognizes that Idema is not binding authority because it unpublished, the opinion provides explicit guidance on this issue and District Courts in the Fourth Circuit have held likewise consistently. See e.g., In re Grand Jury Subpoena John Doe, 584 F.3d at 190-91(Gregory, J., concurring); Carolina Materials v. Continental Casualty Co., No. 3:08CV158-RJC, 2009 WL 4611519, at *3 (W.D.N.C. Dec. 1 2009); Newcomb v. Principal Mut. Life Ins. Co., No. 1:07cv345, 2008 WL 3539520, at *1 (W.D.N.C. Aug. 11, 2008); United States v. Gordon, 247 F.R.D. 509, 509 (E.D.N.C. 2007); Green v. Sauder Mouldings, Inc., 223 F.R.D. 304, 306 (E.D. Va. 2004).

    b.  *Plaintiff does not have a personal right to or privilege in the bank records held by third-party Citibank.*

Defendant subpoenas Plaintiff's bank records from a third-party bank. Applying the standard for a party's challenge to a third-party subpoena, the question becomes whether Plaintiff has a personal right to or privilege in his bank records kept by the third-party bank. Here,

Plaintiff does not assert any specific right to or privilege in these records, and in the District of Maryland a person does not have a general right to or privilege in his banking records held by his bank.

In United States v. Miller the Supreme Court held that financial documents subpoenaed from a third-party bank were not the defendant's "private papers", but rather, "[they] are the business records of the banks." United States v. Miller, 425 U.S. 435, 440 (1975) (abrogated in part by statute). Although Miller has been abrogated by statute in part, its application to civil matters remains authoritative.[1] Clayton Brokerage Co. v. Clement, 87 F.R.D. 569, 571 (D. Md. 1980). "[T]he bank customer has no inherent right to assert either ownership, possession, or inferentially, control over the release of a bank's records of his transactions." Id. These documents "are not confidential communications, but instruments of commercial transactions" and "the business records of the bank." Id. As bank business records, and not personal communications, "the issuance of a subpoena requiring the bank to produce its records is not violative of any cognizable privacy right of the defendant." Id. (citing Donaldson v. United States, 400 U.S. 517, 537 (1971) (Douglas, J., concurring)).

In the present case, Plaintiff's objections to the subpoenas are misplaced. Plaintiff claims that the information sought is duplicative, and that the third-party subpoena duces tecum is the wrong discovery instrument to acquire the information. These objections do not address the standing hurdle which Plaintiff must overcome to reach the merits of his motion. At most, Plaintiff asserts a general privilege in the information sought, stating that Defendant's subpoena

---

[1] In 1978, Congress passed the Right to Financial Privacy Act ("The Act"), ostensibly in response to United States v. Miller. The Act limited the government's ability to acquire personal financial information. It did not, however, provide similar limitations and protections in the context of a civil action. Clayton Brokerage Co. v. Clement, 87 F.R.D. 569 (D. Md. 1980). It is precisely because of this that the Court in Clayton found that United States v. Miller remained applicable to civil actions. Id.

will "foreclose Mr. Robertson [Plaintiff] from asserting privileges with respect to the documents sought in the Citibank subpoena." Plaintiff's Motion, at 4. As previously discussed, Plaintiff has no such general right or privilege because the records sought in the subpoena are the bank's business records, not his personal records. Plaintiff asserts no other claims of rights to or privileges in these records. Without more – a right established by statute or a clearly recognized right or privilege – Plaintiff lacks standing.[2] As in Clayton, Plaintiff "has no standing to challenge the subpoena issued to the bank; a fortiori, he has failed to identify a personal right on which a challenge to the subpoena may be based." Clayton Brokerage Co., 87 F.R.D. at 571.

The Court recognizes that the authority on which it relies is aged. Nonetheless, Miller and Clayton remain authoritative for the issue in the present case. The Court also acknowledges that federal jurisdictions differ on whether a person has a right to or privilege in bank records held by his bank and whether this right is sufficient to provide standing. See e.g., Schulovich v. 1161 Rt. 9, LLC, No. FLW-07-597, 2007 WL 2362598, at *2-3 (D.N.J. Aug. 15, 2007) ("Personal rights claimed with respect to bank account records give a party sufficient standing to challenge a third party subpoena served upon financial institutions holding such information"); United States v. Cimino, 219 F.R.D. 695 (N.D. Fl. 2003) (parties had standing to object to third-party duces tecum to assert privacy interests in their bank records, but the court found no such private interest); Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D.Kan. 2003) (Defendant had "a personal right with respect to its bank account records at the subpoenaed banks, and this right gives it standing to move to quash the subpoenas"); Catskill Development,

---

[2] For examples of the types of rights and privileges that can provide standing for a third-party claim, see e.g., In re Grand Jury Subpoena John Doe, 584 F.3d 175 (4th Cir. 2009) (Defendant did not have standing to bring a motion to quash because the court found that he could not invoke his Fifth Amendment right to prevent production); In re Grand Jury, 11 F.3d 1066 (3rd Cir. 1997) (Defendants had standing to bring motion to quash because the subpoena implicated rights expressly provided by Congress through statute. The court also lists rights and privileges previously recognized by the Supreme Court and United States Courts of Appeals as sufficient to provide standing, including: constitutional privileges, proprietary interests, and attorney-client privilege) .

LLC, v. Park Place Entertainment Corp., 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (a party whose bank records are subpoenaed has standing to oppose the subpoena).  But see, Carolina Materials v. Continental Casualty Co., No. 3:08CV158-RJC, 2009 WL 4611519, at *3 (W.D.N.C. Dec. 1, 2009) (no standing to file motion because plaintiff "has not asserted a personal right to, or privilege in the information sought in the subpoenas," which were issued to third-party banks) ; United States v. Gordon, 247 F.R.D. 509, 510 (E.D.N.C. 2007) ("Typically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank in which the party has no personal right"); Sneirson v. Chemical Bank, 108 F.R.D. 159, 161-62 (D.C.Del. 1985) (plaintiff had no privilege in his bank records and therefore cannot successfully challenge their subpoena) . While this issue is contested elsewhere, there is no reported decision from the Fourth Circuit Court of Appeals.  Accordingly, the Court rules consistently with the Clayton decision from the District Court of Maryland.  Moreover, Plaintiff did not even assert any valid rights to or privileges in the information Defendant seeks in the subpoena.  Without such a showing, Plaintiff lacks standing for this Motion to Quash Defendant's third-party subpoena deuces tecum.  Because Plaintiff does not have standing to bring this Motion, the Court declines to reach its merits and DENIES Plaintiff's Motion to Quash.

                Very truly yours,

                _____/s/_____
                Charles B. Day
                United States Magistrate Judge

CBD/ec

5